FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30325 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00425-JLR-1 |
| v. | |
| VUTHY SIM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted July 13, 2010
Seattle, Washington

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.


Vuthy Sim appeals her conviction and sentence for visa fraud, money

laundering, and harboring an illegal alien. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

## I.

Sim argues that the district court erred in admitting documents from the Reoun Va alien file. Prior to trial, however, Sim stipulated that the documents in question had "been certified pursuant to FRE 902(4) as . . . official government records[s]." No further authentication of the documents was required. *See* Fed. R. Evid. 902 ("Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to . . . [c]ertified copies of public records."). Moreover, any hearsay problem created by admitting the alien file documents and the accompanying summary chart was resolved by the district court's limiting instruction. In any event, both the alleged hearsay error and the alleged lack of foundation for the documents would have been harmless given the other evidence of Sim's knowledge that Saran had entered on a fraudulently obtained visa.

## II.

Next, Sim challenges the sufficiency of the evidence on counts four (visa fraud in relation to the sham marriage of Savy Hean and Chhoum Pen), six (visa fraud in relation to the sham marriage of Sim and Meth Nhav), eleven (money laundering in connection with the sham marriage of Savy Hean and Chhoum Pen),

and twelve (harboring Saran Sim, an illegal alien). We conclude that the evidence on each count was sufficient to support a conviction.

There was no need for each party to the charged sham marriages to testify in order to establish that neither "intend[ed] to establish a life [with the other] at the time they were married." *United States v. Orellana-Blanco*, 294 F.3d 1143, 1151 (9th Cir. 2002) (internal quotation marks omitted). The circumstantial evidence was sufficient to permit a rational juror to infer that such was the case.

Sim's challenge to her money laundering conviction on count eleven rested entirely on her argument that the evidence was insufficient to show that the Hean/Pen marriage was a sham. Because we conclude otherwise, we also affirm her conviction on count eleven.

We also conclude that the evidence was sufficient to establish that Sim's sister Saran was illegally present in the United States, and that Sim was aware of that fact. Accordingly, we reject Sim's challenge to the sufficiency of the evidence to support her conviction on count twelve.

## III.

Finally, Sim contends that the district court made insufficient factual findings to support the four-level aggravating role adjustment that it applied

pursuant to U.S.S.G. § 3B1.1(a). The evidence supported the enhancement, however, and the district court was not required to specifically list the participants over whom Sim exercised control. *United States v. Munoz*, 233 F.3d 1117, 1136 (9th Cir. 2000), *superseded by regulation on other grounds as stated in United States v. Van Alstyne*, 584 F.3d 803, 817-18 (9th Cir. 2009). Accordingly, we conclude that the district court did not abuse its discretion in imposing the enhancement.

AFFIRMED.